**MAYER | BROWN**

Mayer Brown LLP
700 Louisiana Street, Suite 3400
Houston, TX 77002

T: +1 713 238 3000
F: +1 713 238 4888

mayerbrown.com

**Michael P. Lennon, Jr.**
Partner
T: +1 713 238 2667
F: +1 713 238 4888
mlennon@mayerbrown.com

July 15, 2025

**VIA CM/ECF**

Hon. Lee H. Rosenthal
U.S. District Court for the Southern District of Texas
515 Rusk St.
Houston, Texas 77002

**Re:   Case No. 4:25-cv-01762;** *Servicios Ojeda, C.A. v. Chevron Corp. and Chevron U.S.A. Inc.*

Dear Judge Rosenthal:

We write on behalf of Defendants Chevron Corporation and Chevron U.S.A. Inc. regarding items #11 and 21 in the Joint Discovery/Case Management Plan (Dkt. 22). Defendants seek a discovery stay through the pendency of their motion to dismiss (Dkt. 14), to which Plaintiff Servicios Ojeda, C.A. objects. The disagreement is noted in item #11 and identified as an issue for the Court's consideration in item #21 (Dkt. 22) at the Initial Pretrial and Scheduling Conference, which Defendants had planned to address with the Court at the Initial Conference originally scheduled for July 18, 2025. On July 13, 2025, the Court reset the Initial Conference to August 25, 2025 (Dkt. 25). Plaintiff has served 19 document requests, attached as Exhibit 1, to which, without a stay, Defendants must respond by August 4, 2025.

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also* FED. R. CIV. P. 26(c). Good cause may exist when, for example, further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions. *Id.*; *see also Ideus v. Deere & Co.*, 2023 WL 3040303, at *1 (S.D. Tex. Feb. 16, 2023). Among the factors that inform the court's discretion are: (1) the breadth of discovery sought; (2) the burden of responding to such discovery; and (3) the strength of the dispositive motion filed by the party seeking a stay. *McPeters v. LexisNexis*, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011). Here, there is good cause to stay discovery until Defendants' pending motion to dismiss is resolved.

First, Defendants have substantial arguments for dismissal of all claims. All of Plaintiff's claims under Texas law are barred by the statute of limitations. The subject matter of all of Plaintiff's quasi-contractual claims is governed by a contract and, therefore, barred as a matter of both Texas and Venezuelan law. All of Plaintiff's contract-based claims are subject to a mandatory forum selection clause providing for exclusive jurisdiction in a Venezuela court. No amount of discovery

would overcome these legal barriers to Plaintiff's claims and no amendment can circumvent dismissal on these bases. And Plaintiff must overcome Rule 9(b)'s pleading requirements to unlock the machinery of the federal discovery apparatus on its alter ego assertions. *See United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, LLC*, 2024 WL 5440746, at *1 (S.D. Tex. June 17, 2024). Because the motion to dismiss is very likely to preclude or reduce the need for discovery, there is good cause for a stay. *See Ideus*, 2023 WL 3040303, at *1; *Von Drake v. Nat'l Broad. Co., Inc.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004).

Second, even if Plaintiff is permitted to re-plead, and any claim survives, the amended complaint necessarily would be substantially different than the Original Complaint. Staying discovery promotes efficiency and reduces duplication of efforts that would arise from conducting discovery on a complaint that is certain to change substantially, if not dismissed in its entirety.

Third, the breadth and burden of responding to Plaintiff's discovery weighs in favor of a stay. Plaintiff's 19 document requests will not assist the Court in deciding the motion to dismiss. None of the document requests seek information specific to Defendants' conduct vis-à-vis Plaintiff. Instead, Plaintiff's requests broadly seek all documents, defined broadly, from anyone associated with Chevron regarding licenses the Office of Foreign Assets Control issued allowing Chevron Corp.'s subsidiaries to operate in Venezuela. The requests sweep within their ambit commercially and politically sensitive documents relating to operational implementation of the licenses received, wholly divorced from any alleged misconduct directed to Plaintiff. The overbreadth of the discovery sought—and the associated burden on Defendants of collecting information with little or no relevance to claims that ought to be dismissed—warrants a stay. *See Von Drake*, 2004 WL 1144142, at *1-2; *Barrie v. Nueces Cnty. Dist. Attorney's Office*, 2017 WL 11713691, at *2 (S.D. Tex. Nov. 13, 2017). Any assertion that this discovery could affect the resolution of Defendants' motion would turn the 12(b)(6) "standard of review upside down," since "claims must rise or fall on the content of the existing allegations" before Plaintiff can "unlock the doors of discovery." *See Monson v. McClenny, Moseley & Associates, PLLC*, 2024 WL 5185686, at *1 (S.D. Tex. Oct. 3, 2024).

Finally, a temporary stay will not delay the litigation if any claims survive dismissal. The parties jointly proposed a Scheduling Order with a discovery deadline of October 5, 2026. (Dkt. 23). The parties' proposal, subject to the Court's modification, leaves ample time for discovery following a ruling on the motion to dismiss. *See United States ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, LLC*, 2024 WL 5440746, at *1 (S.D. Tex. June 17, 2024).

Because the Initial Conference was reset for August 25th, which is after Defendants' August 4, 2025 deadline to respond to the document requests, Defendants request that the Court schedule a conference to address the discovery stay before August 4, 2025.

        Respectfully submitted,

        */s/ Michael P. Lennon, Jr.*
        Michael P. Lennon, Jr. (attorney-in-charge)
        TX State Bar No. 00787895
        Southern District No. 19866

>Gary W. Johnson
>TX State Bar No. 24083257
>Southern District No. 2276120
>Marjan A. Batchelor
>TX State Bar No. 24128419
>Southern District No. 3767946
>Sydney N. Royer
>TX State Bar No. 24125844
>Southern District No. 3864256
>MAYER BROWN LLP
>700 Louisiana Street, Suite 3400
>Houston, Texas 77002
>Telephone: (713) 238-3000
>Facsimile: (713) 238-4888
>Email: mlennon@mayerbrown.com
>gjohnson@mayerbrown.com
>mbatchelor@mayerbrown.com
>sroyer@mayerbrown.com
>
>*Counsel for Defendants*
>*Chevron Corporation and Chevron U.S.A. Inc.*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the Clerk of Court using the Court's CM/ECF system and a copy was sent to all counsel of record by electronic means on July 15, 2025.

>*/s/ Michael P. Lennon, Jr.*